IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 09-cv-2192-WDM-CBS

THE AMERICAN INSURANCE COMPANY, an Ohio insurance company, and THE HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY, a Connecticut insurance company.

    Plaintiff,

v.

VENMAR CES INC., and VENMAR CES, Canadian corporations, and VON WEISE USA, INC., f/k/a FASCO INDUSTRIES, INC., a Delaware corporation.

    Defendant.

---

## ORDER OF REMAND

Miller, J.

This case is before me on Defendant Venmar CES Inc.'s ("Venmar") Notice of Removal (Docket No. 1) filed September 14, 2009. Venmar removed the case to this Court on the basis of diversity jurisdiction. (*See* Notice of Removal.) Although Plaintiffs American Insurance Company and Hartford Steam Boiler Inspection and Insurance Company ("Plaintiffs") have not filed a Motion to Remand, it is my ongoing duty to ensure that subject matter jurisdiction in this Court is proper, *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), and if it is not, to dismiss the action, Fed.R.Civ.P. 12(h). In diversity cases such as this one, this Court only has jurisdiction if the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

The party invoking the federal court's diversity jurisdiction bears the burden of establishing the requirements for such jurisdiction. *Martin v. Franklin Capital Corp.*, 251

F.3d 1284, 1290 (10th Cir. 2001). When that party is a defendant seeking to remove a case to federal court, he must establish the requisite amount in controversy by a preponderance of the evidence. *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008). This can be done by relying upon the plaintiff's estimate of damages from the allegations of the complaint, *id.*, or where a plaintiff has not specified an amount of damages in the complaint, the defendant can rely upon the nature of the wrongs and injuries alleged in the complaint, *id.* at 955-56 (citing *Luckett v. Delta Airlines*, 171 F.3d 295, 298 (5th Cir. 1999), the plaintiff's informal estimates or settlement demands, *id.* at 956, or the defendant can introduce documentary evidence in the form of affidavits or otherwise, *id.*

This case arises out of a fire in the mechanical room at the Crestwood Condominiums ("the property") in Snowmass Village, Colorado, allegedly started as a result of the failure of the motor inside a heat recovery ventilator. (Compl. ¶¶ 3, 12, 14.) Venmar was engaged in the design, manufacture, distribution, and sale of the ventilator. (Compl. ¶ 8, 10, 13.) Plaintiff's Complaint (Docket No. 2), originally filed in the District Court in Pitkin County, Colorado, does not request a specific amount of damages, but rather prays for damages in an amount to be determined at trial. (Compl. at 6.) In its Notice of Removal, Venmar asserts, "Based on the allegations in the Complaint, the amount in controversy exceeds $75,000, exclusive of costs." (Notice of Removal ¶ 4.) However, Venmar provides no further information regarding the basis for the claimed amount, nor does it attach any documentary evidence to its Notice of Removal. The allegations in the complaint similarly fail to provide insight on the nature or extent of the damages involved, stating only, "On August 6, 2007, a fire originated in the heat

recovery ventilator located on the east wall of the [property's] mechanical room." (Compl. ¶ 12.)  The only additional information regarding damages in the Complaint is that "[a]s a result of the incident, [Plaintiffs] paid monies to its insured, Crestwood Condominium Association, under a policy of insurance in place at the time of the loss and are now equitably and legally subrogated to its claim against the Defendants." (Compl. ¶ 15.)

Venmar has failed to meet its burden, as the amount in controversy is unknown, and I cannot conclude that the requirements of 28 U.S.C. § 1332 have been met.

Accordingly, it is ordered:

1. This case shall be remanded to the District Court, County of Pitkin, Colorado.


DATED at Denver, Colorado, on September 23, 2009.

BY THE COURT:


s/ Walker D. Miller
United States Senior District Judge


PDF FINAL